UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MEGAN GRAHAM,

              Plaintiff,

   v.

CITY OF FEDERAL WAY,

              Defendant.

C15-387 TSZ

MINUTE ORDER

      The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

      (1)    Plaintiff has pleaded only one cause of action against defendant South Correctional Entity Multijurisdictional Misdemeanant Jail ("SCORE"), namely a state law claim of intentional infliction of emotional distress under the theory of vicarious liability, also known as respondeat superior. *See* Complaint at ¶ 172 (docket no. 2). As a result, the Court STRIKES in part as unnecessary SCORE's motion for summary judgment, docket no. 38, as to all claims except the claim for intentional infliction of emotional distress. With regard to the claim of intentional infliction of emotional distress, SCORE's motion for summary judgment, docket no. 38, is DENIED without prejudice because issues of material fact are present.

      (2)    Plaintiff's motion to compel discovery, docket no. 35, is STRICKEN in part as moot, DENIED in part, and GRANTED in part as follows:

           (a)    As to Request for Production No. 12, plaintiff's motion is STRICKEN as MOOT. SCORE has already provided plaintiff with a copy of all materials referenced by this request.

MINUTE ORDER - 1

(b) As to Interrogatory No. 2, plaintiff's motion is DENIED without prejudice. The interrogatory and plaintiff's motion were premature because they predated the deadline for disclosure of expert witnesses.

(c) As to Interrogatories Nos. 6, 7, 8, 9, 14, and 19 and Requests for Production Nos. 2 and 3, plaintiff's motion is DENIED. Plaintiff has not alleged a *Monell* claim against SCORE. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Therefore, information and materials related to the policies and procedures of SCORE are not relevant to any claims or defenses in this action.

(d) As to Interrogatories Nos. 12 and 17 and Request for Production No. 5, plaintiff's motion is DENIED in part, as to all employees except the defendants named in the complaint. It is further DENIED and SCORE is not required to produce "evaluative summaries, disciplinary recommendations and intra-departmental memoranda regarding discipline." *See Mueller v. Walker,* 124 F.R.D. 654, 657 (D. Or. 1989) or relating to sexual misconduct. The motion is GRANTED in part as to excessive use of force or failure to produce medical care as to the named defendants for the past 5 years.

(e) As to Interrogatory No. 24, plaintiff's motion is DENIED. The burden of responding to this interrogatory greatly outweighs any possible relevance. *See Edwards v. Clay*, 2006 WL 3437901 at *1 (E.D. Cal. Nov. 29, 2006) (finding a request for "any and all grievances received by the defendants or their agents concerning defendants' treatment of all prisoners that are in and under their care" to be overly broad).

(f) As to Request for Production No. 13, plaintiff's motion is DENIED. This request does not describe "with reasonable particularity" the information sought by plaintiff. *See* Fed. R. Civ. P. 34(b)(1)(A).

(g) As to Interrogatories Nos. 10 and 15 and Requests for Production Nos. 4, 8, and 11, plaintiff's motion is GRANTED.

(h) As to Interrogatory No. 11, plaintiff's motion is GRANTED in part as follows. SCORE shall identify and describe any lawsuits brought against it, in the last 5 years, premised on the use of excessive force or the deprivation of medical attention by one or more of its employees. SCORE need not provide information related to lawsuits premised on complaints of sexual misconduct.

(i) As to Interrogatory No. 13, plaintiff's motion is GRANTED in part as follows. SCORE shall state whether any of its employees have resigned or been terminated, in the last 5 years, for excessive use of force or failure to provide

MINUTE ORDER - 2

medical care.  SCORE need not provide information pertaining to employees who have resigned or been terminated for sexual misconduct.

(j) As to Interrogatory No. 16, plaintiff's motion is GRANTED in part as follows.  SCORE shall provide information regarding internal investigations, concerning the defendant officers named in the Complaint, docket no. 2, involving excessive force and/or withholding of medical care.  *See Mueller v. Walker*, 124 F.R.D. 654, 658 (D. Or. 1989) ("Documents relating to administrative complaints against defendant officers regarding the incident in this case or regarding past incidents" are relevant discovery).  SCORE need not provide information regarding internal investigations involving other employees.

(k) As to Interrogatory No. 18, plaintiff's motion is GRANTED in part as follows.  SCORE shall identify and describe the education, training, and/or experience required for an appointment as a correctional officer in the positions currently held by the defendant officers named in the Complaint, docket no. 2.  SCORE need not provide information regarding the education, training, and/or experience requirements of its other employees.

(l) As to Request for Production No. 1, plaintiff's motion is GRANTED in part as follows.  SCORE shall produce personnel files for each of the defendant officers named in the Complaint, docket no. 2.  SCORE need not provide personally identifying information (*i.e.,* addresses, telephone numbers, social security numbers), and may redact such information from any documents it produces.  SCORE need not provide personnel files for its other employees.

(m) As to Request for Production No. 6, plaintiff's motion is GRANTED in part as follows.  SCORE shall produce a record of any and all complaints, made in the last 5 years, against the defendant officers named in the Complaint, docket no. 2.  SCORE need not produce records of complaints which concern only its other employees.

(n) As to Request for Production No. 7, plaintiff's motion is GRANTED in part as follows.  SCORE shall produce all internal investigations, occurring within the last 5 years, concerning claims of excessive force or deprivation of medical care involving the defendant officers named in the Complaint, docket no. 2.  SCORE need not produce internal investigations pertaining to other bases for investigation or concerning its other employees.

(o) Plaintiff's request for attorney's fees, costs, and sanctions is DENIED.

1      (3)    SCORE shall provide answers to interrogatories and produce documents in response to requests for production, as specified in ¶¶ (2)(d), (g)–(n), above, within 30 days of the date of this Minute Order.

    (4)    The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 31st day of March, 2016.

    William M. McCool
    Clerk

    s/Karen Dews
    Deputy Clerk

MINUTE ORDER - 4